IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

_Juanita L. Murray

_____

_____

_____

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

New York City Board of Education

Robert Mercedes

Susan Carr Lagomarsini

_____

_____

_____

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

AMENDED

**Complaint for Employment Discrimination**

Case No. 15 cv 3191 RRM

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☑ Yes   ☐ No
*(check one)*

*FILED*

2016 DEC 16 PM 6: 29

I.      **The Parties to This Complaint**

A.      **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                    ___Juanita L. Murray

Street Address          __1114 Stonegate Road

City and County         Shrub Oak,  Westchester County_

State and Zip Code      __New York 10588

Telephone Number        _____914-245-2151

E-mail Address          _____jlm196@columbia.edu

B.      **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

Name                    _____New York City Board of Education

Job or Title
(if known)
Street Address          _____52 Chambers Street Room 320 B4

City and County         _____New York City

State and Zip Code      ____New York 10007

2

Continued: Defendants List                    Murray v Board of Education

Robert Mercedes

Principal

MS 390

1930 Andrews Avenue South

Bronx, New York 10453

718-583-5501

Susan Carr Lagomarsini

Guidance Counselor

MS 390

1930 Andrews Avenue South

Bronx, New York 10453

*[signature]* 12/16/16

Juanita L. Murray

STATE OF NEW YORK
COUNTY OF KINGS
SIGNED BEFORE ME ON  12/16/2016

JUANITA MURRAY

KAMAL P. SONI
Notary Public, State of New York
No. 01SO6089949
Qualified in Kings County
Commission Expires March 31, 2019

State and Zip Code        ____New York 10007

Telephone Number          _____

E-mail Address            _____
(if known)

Defendant No. 2

Name                      _____New York City Board of Education

Job or Title              ___Corporation Counsel
                          _____ (if known)

Street Address            _____100 Church Street 5th Floor

City and County           _____New York City

State and Zip Code        _____New York 10007

Telephone Number          _____

E-mail Address            _____jreiter@law.nyc.gov attorney for this
defendant

                          _____ (if known)

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s)
is:

Name                      _____Middle School 390

Street Address            _____1930 Andrews Avenue
South_____

City and County           _____Bronx County

State and Zip Code        _____New York
10453_____

Telephone Number          ____718-583-5501

3

_____

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑ Other federal law *(specify the federal law)*: ___USC 42 sect 1981_____

☑ Relevant state law *(specify, if known)*: ___NYS Human Rights, section 296 of the New York Executive Law_____

☑ Relevant city or county law *(specify, if known)*: _____NYC Human Rights, New York City Administration Code Ch 1, 38-107 (Unlawful Discrimination Practices)

_____

## III.     Statement of Claim

4

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.      The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

        ☐     Failure to hire me.

        ☐     Termination of my employment.

        ☐     Failure to promote me.

        ☐     Failure to accommodate my disability.

        ☑     Unequal terms and conditions of my employment.

        ☑     Retaliation.

        ☐     Other acts *(specify)*: _____

        *(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.      It is my best recollection that the alleged discriminatory acts occurred on date(s)

        _____December 21, 2012; January 3, 2013; January 4, 2013; January 28, 2013; June 28, 2013; October 4, 2013; October 9, 2013; September 23, 2014; June 30, 2015; September 16, 2015; November 4, 2015 and many other dates between 2012 and 2015

        _____

C.      I believe that defendant(s) *(check one)*:

        ☑     is/are still committing these acts against me.

        ☐     is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑   race__Black_____

☑   color___Black_____

☐   gender/sex _____

☐   religion _____

☐   national origin _____

☑   age.  My year of birth is __1962__.  *(Give your year of birth only if you are asserting a claim of age discrimination.)*

☐   disability or perceived disability *(specify disability)*

_____

E.   The facts of my case are as follows.  Attach additional pages if needed.

_____See attached

10 pages - Notarized_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor

6

regarding the defendant's alleged discriminatory conduct on *(date)*

___March 26, 2013, September 25, 2014 and October 22, 2015

_____

B.     The Equal Employment Opportunity Commission *(check one)*:

☐     has not issued a Notice of Right to Sue letter.

☑     issued a Notice of Right to Sue letter, which I received on *(date)*
_January 13, 2015, June 10, 2016 and August 11, 2016

_____.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑     60 days or more have elapsed.

☐     less than 60 days have elapsed.

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

___From New York City Board of Education money damages in the amount of Two Million Dollars for creating a hostile work environment, harassment, unsafe work environment, racial discrimination, inappropriate work environments and the physical injuries sustained to my back and left arm while assigned to the security detail in the hallway, stairwell and gymnasium.

From Robert Mercedes money damages in the amount of One Million Dollars for creating a hostile work environment, harassment, unsafe work environment, racial

discrimination, inappropriate work environments and the physical injuries sustained to my back and left arm while assigned to the security detail in the hallway, stairwell and gymnasium, in addition to defamation of character.

From Susan Carr Lagomarsini money damages in the amount of Twenty Five Thousand Dollars for providing false information on a report that led to an investigation, added to false charges lodged against me, resulting in a fine. Susan Carr Lagomarsini simply lied. As a State licensed professional, she should be held to a standard that includes telling the truth. The charges, investigation and the fine harmed me professionally and devastated my household income. Additionally, the investigation was traumatizing.

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.  For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: ___December 15_____20_16_.

Signature of Plaintiff

Printed Name of Plaintiff _____Juanita L. Murray

8

**JURAT WITH AFFIANT STATEMENT**

State of _New York_ } ss.
County of _Westchester_

☒ See Attached Document (Notary to cross out lines 1–7 below)
☐ See Statement Below (Lines 1–7 to be completed only by document signer[s], *not* Notary)

_____     _____
Signature of Document Signer No. 1        Signature of Document Signer No. 2 (if any)

KIRSYS LANGLEY
Notary Public - State of New York
NO. 01LA6322877
Qualified in Westchester County
My Commission Expires Apr 13, 2019

Subscribed and sworn to (or affirmed) before me

this _15TH_ day of _December, 2016_, by
    Date          Month          Year

_Juanita Murray_
Name of Signer No. 1

_____
Name of Signer No. 2 (if any)

_____
Signature of Notary Public

Place Notary Seal/Stamp Above

Any Other Required Information
(Residence, Expiration Date, etc.)

─────────────── **OPTIONAL** ───────────────

*This section is required for notarizations performed in Arizona but is optional in other states. Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _Amended Complaint for Employment Discrimination_

Document Date: _No date_                    Number of Pages: _8_

Signer(s) Other Than Named Above: _No other Signers_

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)  Item #25924

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Juanita L. Murray<br>1114 Stonegate Road<br>Shrub Oak, NY 10588 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-01915 | Roxanne Zygmund,<br>Investigator | (212) 336-3764 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Kevin J. Berry_                                    _January 13, 2015_
Kevin J. Berry,                                              (Date Mailed)
**District Director**

Enclosures(s)

cc:   **Henry Chou**
      **Staff Attorney**
      **NYC DEPARTMENT OF EDUCATION**
      **52 Chambers Street**
      **Room 308**
      **New York, NY 10007**

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Juanita L. Murray<br>1114 Stonegate Road<br>Shrub Oak, NY 10588 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2016-00225** | **Rudolph White,**<br>**Investigator** | **(212) 336-3753** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

_Kevin J. Berry_ _____     _6/10/2016_
Kevin J. Berry,                                        *(Date Mailed)*
**District Director**

Enclosures(s)

cc:     **Robin Singer**
**Associate Counsel**
**NYC DEPARTMENT OF EDUCATION**
**Office of Legal Services**
**52 Chambers Street, Room 308**
**New York, NY 10007**

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Juanita L. Murray<br>1114 Stonegate Road<br>Shrub Oak, NY 10588 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-00225 | **Rudolph White,**<br>**Investigator** | **(212) 336-3753** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

**Kevin J. Berry,**
**District Director**

8/11/16
(Date Mailed)

cc: **Robin Singer, Esq.**
**Associate Counsel, Office of Legal Services**
**NYC DEPARTMENT OF EDUCATION**
**52 Chambers Street, Room 308**
**New York, NY 10007**

15cv3191

Murray v New York City Board of Education                December 16, 2016

Attachment: Facts underlying my claim


1.Robert Mercedes, who is Hispanic, favored Hispanic pedagogues over Black and White

pedagogues.  Three Hispanic pedagogues were excessed.  " Excessing is the process of

reducing staff in a particular school, when the number of available positions in a title or

license area in that school is lower than the number of people in the school who require

an assignment in that title or license area.  It usually occurs in June for the next school

year.  Excessed staff may then seek other positions" ( From the UFT website).  Robert

Mercedes told them not to leave.  Guillermina Ceballos (School Social Worker) who is

Hispanic, told me that the Principal told her  not to leave.  Mr. Andres Gil ( teacher who

is Hispanic)  told me that he lost 2 months of pay because he didn't leave when he was

excessed.  This occurred to my best recollection, between June 2011 and November

2013.  Robert Mercedes harassed 3 Caucasian teachers and 4 African-American teachers

and counselors to  leave the school.  George Swander  and Daryl McKnight upon

information and belief were forced to retire sooner than they planned.

Susan Carr Lagomarsini and Linda White were told that they were excessed.  These

African-American women went on interviews in other schools.  They were directed

by the Board of Education to return to MS390x.  They were never excessed.  The

principal, Robert Mercedes, did not tell the truth.  Daryl McKnight and Linda White

received several disciplinary letters, in a harassing manner just like I did, with constant

interruptions and public display of disciplinary action.  Steven Bernstein reported having

1

charges filed against him on many occasions, that were unfounded,  Claire Scesney was

removed from her teaching position following a Special Education complaint that I filed.

She was forced to teach a Special Education for which she did not hold a license.  Linda

White, Claire Scesney and I were charged with incompetence (3020a proceedings).


2.Robert Mercedes retaliated against me for submitting Special Education complaints.  I

filed Special Education complaints on/about December 5 and December 12, 2012.  This

is a protected activity.  Retaliation included removing me from my position as a Related

Services Provider (direct service provider of Special Education services) which I am

trained and licensed for, to several positions that I am not licensed, nor trained to do.

These assignments included Guidance, School Safety, Paraprofessional (teaching

Assistant), Dean, School Aid and Attendance Teacher.  Guidance and School Social

Work are different in that Guidance Counselors can see larger groups of students and

are trained and licensed to provide Career Planning and Academic Advising.  School

Social Workers are limited to groups of 8 students, and cannot do Academic Advising or

anything regarding grades or course selection.  Additionally School Social Workers

cannot provide services without parental consent.  Guidance can provide limited services

without parental consent.

3. Robert Mercedes created a hostile work environment.  He directed all types of staff

members  (both permanent and temporary staff, union and non UFT union members) to

deliver disciplinary letters to me.  This is significant because DC37 union members who

2

delivered letters continuously violated the Collective Bargaining Agreement in regards to
the delivery of these letters.  A former student delivered a disciplinary letter to me, then
wrote that I refused to sign it.  Her name is  Mari Luz Alfonseca.  Letters were delivered
to me during counseling sessions and once while I was meeting with a parent.  The
delivery of these disciplinary letters interfered with my duties as a Related Services
Provider.  Robert Mercedes incorporated several types of trickery including backdating
letters, a signature forgery, directing a School Aid to record that I refused to sign for
receipt of a letter, when I simply asked if I could get my eyeglasses.

4. I have received 39 disciplinary letters between December 20, 2012 and June 28,
2013.  The purpose of these disciplinary letters were to create a paper trail to terminate
me.  On 6 days I received 2 letters and one day I received 3 letters.  This act was directly
related to Robert Mercedes' speech at Staff Meetings on or about December 20, 2012 and
January 3, 2013 when he said that "ATR's are too expensive" and " Only 1st and 2nd
year teachers are cost effective".  He stated on January 3, 2013 that he would contact
"Legal" to get assistance getting rid of senior staff members.  He planned to have me
terminated.  ATR is the Absent Teacher Reserve.  It is a pool of unassigned staff
members who mostly rotate assignments in a School District.  These are largely
middle aged staff members, who rarely get hired into permanent positions.  I am
currently an ATR, rotating through the School District.  I have never been given an
assignment in my license area.  I haven't had an assignment in my license area since
December 2012.  I continue to get assignments that I do not have the license nor training
for.  I believe these out license assignments make me vulnerable to further charges.  I
have filed a grievance on January 4, 2013.  This grievance has been stalled at Step 3

since April 2016.

Robert Mercedes stated that he would reduce counseling staff.  His changes only

impacted Special Education students, for whom I was the sole counseling provider.

Robert Mercedes threatened that if we couldn't be terminated, we would suffer

a salary reduction, by way of a fine.

5.  Robert Mercedes assigned me to the student cafeteria.  I was the only School Social

Worker assigned to work in the student cafeteria.  Circular Six, prohibits cafeteria duty

 for School Social Workers.  On January 28, 2013 Robert Mercedes directed me to walk

around the cafeteria 20 times.  When I completed 20 rounds, I asked if I could use the

restroom.  He refused to allow me to go, stating that I hadn't finished 20 rounds.  He

humiliated me in front of students.  One student asked me what I was doing, Robert

Mercedes provided testimony that students questioned him too, asking him, why he made

Ms. Murray walk around the cafeteria.  One of my students commented that she was

about to cry because " he was standing there laughing".  Another student who confronted

the principal, had his parents called in the next day.  He, very mysteriously, disappeared

from the school.

6.  Robert Mercedes and Susan Carr-Lagomarsini (Guidance Counselor) filed false

charges against me.  Two students were having a spat on social media outside of school

hours.  One alleged that the other threatened to harm themselves if the relationship was

dissolved.  I never saw any such post and at the time I didn't know how to access the

post, nor did I know if I was allowed to view such a post because phones and social

media were not allowed in this school.  I provided services and made appropriate

referrals for both students.  I followed up with both agencies that I referred to and

received feedback from the clinicians I referred to.  Robert Mercedes, based on

Susan Carr Lagomarsini allegation filed a claim that I mishandled the intervention.

Susan Carr-Lagomarsini alleged that " I took no action".  The investigator's report

reveals that I did take action.  Susan Carr-Lagomarsini received from me, the resources I

collected to give to the  students and their parents,  when I saw that she was meeting with them.

 Testimony at  my Disciplinary Hearing  revealed  that the principal directed the other counselors

in the building to not speak to me.


Additional facts to consider about this false charge is that the Chancellor's Regulation

did not require intervention for incidents that happened outside of school.  It has since

been amended to include some incidents that happen outside of school.  The Regulation

also mandates that I receive training every year by October 31st of each school year.

I have never received this training.  I did pay for the State training for this area (Dignity

For All), but the local mandate which would cover this (Respect For All) was blocked by

Robert Mercedes in an email to the facilitator on November 13, 2013.  With all of these

roadblocks, I still provided these students with assistance.  In fact without even being

aware of the regulation, I provided better and more services than the providers who

intervened after the charges were filed.  The testimony at my Disciplinary Hearing will

reveal that none of the witnesses that the Board of Education procured could say what I

mishandled, and the staff members who picked up this case, failed to adhere to the

regulation making many clinical errors.

7.  Robert Mercedes initiated 3020a charges for incompetence and insubordination, with

the sole purpose of having me terminated.  Neither of these charges were founded.  New

York State Supreme Court determined, by unanimous decision that Robert Mercedes

failed to follow the Board of Education's process for evaluation.  Robert Mercedes

5

admitted that that he did not have the education, nor experience to evaluate a School

Social Worker:  In re: Juanita Murray v Board of Education, New York Supreme Court

(Sept. 22, 2015) reversing, on the Law, decision by NY Supreme Court, County, denying

Ms. Murray's appeal of unsatisfactory ratings.

8.  Robert Mercedes assigned me to a work area that was dangerous.  I was assigned to

work in the basement to organize books on or about October 9, 2013.  This area was

dangerous and not intended for continuous work, but a storage area.  It was kept so badly

that it was dangerous.  There was boxes and bags of paper which created a fire hazard,

bugs, dust, uncovered pipes, blocked entrance/exit, no telephone, no heat, the lighting

poor, there was a copy machine, no windows, holiday decorations were stored there,

lighter fluid, etc.  I was afraid every time that I was in that room.  I made a report to the

Department of Labor.  The response from the Department of Labor is a report with many

errors, including the address of the school, interviewees names, etc.  The principal

failed to follow the recommendations of the first inspector, who told him that paper in

the storage area was a hazard.  Robert Mercedes did not cease the delivery of paper to

the storage area. I thought I was going to die in that room and I told the first inspector.

The Department of Labor's report also states that no one was assigned to that room,

continuously.  I was able to furnish proof that I was assigned to that storage area daily

for at least 5 hours a day.

9.  Robert Mercedes stated that I was delusional and forced me to submit to an

evaluation on October 4, 2013.  Prior to this request for evaluation, Robert Mercedes

directed me to shred mounds of paper.  This was a punitive act because included in the

piles of paper were documents that were not confidential, like the bell schedule.  He also

directed me to label one folder for each student in the building, which at that time was

300-400 students.  While shredding, the shredder kept getting jammed.  I tried to remedy

problem by emptying the shredder.  I got paper all over my desk and the floor.  The

shredder was not properly maintained.  There were bits of paper in all the crevices of the

machine.  Not only did Robert Mercedes blame me for the poor maintenance of the

shredder, but he summons the School Safety Officer to remove me from the building.  I

was with the School Safety Agent as she called her superior and was advised to not

remove me from the building.  This assignment came about because I had just been

served  (3020a) and removed from my position.  I was to be assigned administrative

duties.  The Collective Bargaining Agreement prohibits all activities that would be done

by a School Aid or Custodian, etc.  This was a punitive assignment.  Robert Mercedes

taunted me in the main office and said repeatedly, " Do you refuse to do it?"  I always

answered that I did not refuse.  Any act of insubordination would surely get me

terminated, which was his goal.  I knew that.


10. Robert Mercedes failed to provide a safe environment free of racial harassment when

a teacher, Tiffany Mack, attacked me.  In my duties, as an Attendance Teacher/School

Aid, collecting attendance folders, Tiffany Mack came out of her class and said to me

" here nigger, nigger, nigger" Tiffany Mack said this is the new lynching.  Even though

I told her what she said was inappropriate, as she left to go back into her room, she said it

it again, " here nigger, nigger, nigger".  I didn't sleep a full night for more than a month.

Robert Mercedes failed to follow the Chancellor's Regulations regarding this racial

harassment.  He lied about when he became aware, he responded by charging me with

defamation of character.  He failed to do an investigation.  While there weren't any

witness that we know of, the entire verbal exchange was right in front of a camera, which

7

is significant,  because Robert Mercedes told me that Tiffany Mack denied that a conversation

even took place.  The video will also show that she followed me to another portion of the

building, when I settled into my next assignment.  Robert Mercedes did not address the

fact that Tiffany Mack left her class unattended for several minutes.  There were

witnesses that would place her with me.  Robert Mercedes just failed to meet his

obligation as an administrator.  When I finally met with Robert Mercedes, he and the Chapter

Leader admitted that they didn't understand why those words would bother me.  Ignorance is not

bliss, and not knowing that calling a person a nigger is racial harassment is not acceptable.

There have been several incidents in this school where students have called staff members

niggers, so he knew.  This attack is a result of his attempt at humiliating me and leaving me

vulnerable to verbal and physical attacks.


11. Robert Mercedes failed to compensate me for wages.  He falsely identified 17 days as

unauthorized absences.  Some of these days were an approved medical leave, many were

medically certified days off and some were days that I attended my Disciplinary Hearing.

The wages were removed from my paycheck, outside of the payroll schedule.  So days that

I took off in March and April, came out of my first two summer paychecks.  At this time

the payroll is closed and there no option for remedy.  This act was intentional.  All but 1 day was

restored.  It took me 10 months to get all of my money back.


12. Robert Mercedes assigned me to additional unsafe environments with meaningless tasks. My

assignment for several months was to watch a door in the rear of the gymnasium.  I call this a

meaningless task because I am not a School Safety Agent and I was directed by the Board of

Education because of my charges (3020a) and reminded by Robert Mercedes to not have direct

contact or to supervise students.  While in the gymnasium, I was hit with a ball.  The first time, April 2015,  my arm was injured.  I only experienced mild discomfort.  Within a month I couldn't use my arm at all.   I had several medical visits and months of Physical Therapy.

The second event in the gymnasium, Sept 16, 2015,  I was hit in the upper body.  I experienced chest spasms and I thought I was having a heart attack.  I was removed from the gymnasium.

Robert Mercedes assigned me to watch an exterior door that was fitted with alarms and a video monitor.  I am still not sure of my purpose at this post.  I was to watch a door on the 1st floor, from a first floor post, a second floor post and a basement post. I was unable to see this door from the second floor and the basement.  Robert Mercedes goals were to harm me.

As a result a student assaulted me.  I was directed not to speak to the students.  I believe that the student who assaulted me was so frustrated that I wouldn't talk to her.  She punched me in my back.  This assault required many doctors visits and months of Physical Therapy.  I still have pain, and need to continue with Physical Therapy.

Robert Mercedes failed to process my applications for Line of Duty Injuries in a timely fashion. The first incident's application took 14 months to process.  I am currently waiting for the student assault incident to get processed.  Robert Mercedes just refused to do it.  I handed in all the forms in a timely manner and he refused to submit them.  I have several emails to document my attempts to get Robert Mercedes and the Board of Education to process my applications for Line of Duty Injuries.


13. There were two other assignments of sitting in a space for hours with instructions not to speak to students.  I was directed as a consequence of my 3020a charges to not have direct contact nor supervise children.  Robert Mercedes would assign me to locations right in the middle of tons of students.  He created an environment for me to violate the directive and have

me terminated, or incur more charges and a greater fine.  He also put me on display, to terrorize the staff and to ridicule me.


14.  Robert Mercedes assigned me to additional cleaning details.  Besides cleaning the basement storage room, I had a library cleaning assignment and I was assigned to empty a room on October 25, 2013.  Linda White and I was assigned to mostly cleaning activities while awaiting the outcome of our hearings.  Claire Scesney didn't get a cleaning assignment.

Finally, I assert that Robert Mercedes decided that at all costs he would decide who could stay and who had to go, based on race and ethnicity.  Robert Mercedes was assured that he was supported by the Board of Education.  He was, because I filed a grievance and a harassment complaint.  All parties were privy to the viciousness I endured.  No one stopped him.  In fact, he failed to honor an agreement he made at the culmination of the Harassment complaint meeting in April 2013.  He just ignored the entire complaint process and continued to harass me. I hope that I will have the opportunity to stop this level of abuse and be assured that the Federal, State and Local governments laws will protect me and compensate me for all of the abuse I've endured.

_Juanita L. Murray_          12/16/16

Juanita L. Murray

STATE OF NEW YORK
COUNTY OF WESTCHESTER
SWORN BEFORE ME ON _12/16/16_

Gil F. Perez
Notary Public, State of New York
No. 01PE6019581
Qualified in New York County
Commission Expires _3/30/19_

10



Gil F. Perez
Notary Public, State of New York
No. 01PE6019581
Qualified in New York County
Commission Expires _____



Magistrate Tiscione

1031

Murray  v  Board of Education

Justin Reiter  for the Defendant
Jreiter @ law-nyc.gov

15 cv 3191