

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JUSTIN W. REITER
*Assistant Corporation Counsel*
Labor & Employment Division
(212) 356-3580
jreiter@law.nyc.gov

February 17, 2017

**BY ECF**
Honorable Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**  Juanita L. Murray v. New York City Board of Education, et. al.
             Civil Action No. 15-CV-03191(RRM) (ST)

Dear Judge Mauskopf:

      I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for Defendants Board of Education of the City School District of the City of New York ("BOE") (sued herein as the "New York City Board of Education"), Robert Mercedes and Susan Carr Lagomarsini (collectively "Defendants") in the above referenced action. Pursuant to this Court's Individual Rules, I write to request a pre-motion conference to discuss Defendants' proposed motion to dismiss the complaint.

**A.**     **Background**

      Juanita Murray ("Plaintiff"), a Related Services Provider currently employed by the BOE, brings this action alleging that Defendants discriminated against her in violation of her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 42 U.S.C. § 1981, New York State Executive Law § 296 ("NYSHRL") and the New York City Administrative Code § 8-107 ("NYCHRL").

**B.**     **Plaintiff's Title VII and ADEA Claims Are Barred By Both The 90-Day and 300-Day Statutes Of Limitations**

      It is well established that "actions for violations of Title VII must be filed within 90 days of receipt of a right to sue letter from the EEOC." Jones v. City Sch. Dist., 695 F. Supp. 2d 136, 142 (S.D.N.Y. Mar. 19, 2010). The "ADEA does not require an aggrieved party to receive a right-to-sue from the EEOC before filing suit in federal court." See Holowecki v. Fed. Express Corp., 440 F.3d 558, 563 (2d Cir. 2006). However, "in the event that the EEOC issues a right-to-sue letter to an ADEA claimant, the claimant must file her federal suit within 90 days after receipt of the letter." See id.

Here, Plaintiff alleges that she filed an EEOC complaint and received a right to sue letter on January 13, 2015. However, Plaintiff failed to commence this action within 90 days of receiving her January 13, 2015 right to sue letter, as she commenced this lawsuit by filing a Summons with Notice in New York State Supreme Court, Queens County, on April 17, 2015. Thus, Plaintiff's Title VII and ADEA claims must be dismissed.

Additionally, "[i]n New York, claims under Title VII and the ADEA are subject to a 300 day statute of limitations--claims that accrued more than 300 days before filing of a charge with the EEOC are time-barred." Almontaser v. N.Y. City Dep't of Educ., No. 13-CV-5621 (ILG) (VMS) 2014 U.S. Dist. LEXIS 92760, *13 (E.D.N.Y. July 8, 2014). Here, Plaintiff filed Charge No. 520-2014-01915 with the EEOC on May 1, 2014. Notwithstanding the fact that Plaintiff's ADEA and Title VII claims are time-barred because Plaintiff failed to commence this action within 90 days of receiving her January 13, 2015 right to sue letter, any Title VII and ADEA claims which occurred before July 5, 2013 would also time-barred.

C.  **Plaintiff's SHRL And CHRL Claims Against The BOE Are Barred By The One-Year Statute Of Limitations**

New York state and city law claims against the BOE are governed by a one-year statute of limitations. See N.Y. Educ. Law § 3813(2-b). This limitations period applies to claims under the NYSHRL and the NYCHRL. See Sotomayor v. City of New York, 862 F. Supp. 2d 226, 249 (E.D.N.Y. May 21, 2012), aff'd, 713 F.3d 163 (2d Cir. 2013). Here, Plaintiff commenced this lawsuit on April 17, 2015. Therefore, Plaintiff's NYSHRL and NYCHRL claims against the BOE that occurred before April 17, 2014 are time-barred.

D.  **Plaintiff's Title VII and ADEA Claims Against The Individual Defendants Must Be Dismissed**

To the extent that the Complaint asserts Title VII and ADEA claims against the individually named defendants, they must be dismissed, as individuals are not subject to liability under either statute. Patterson v. Cnty. of Oneida, 375 F.3d 206, 221 (2d Cir. 2004); Darcy v. Lippman, 356 Fed. Appx. 434 (2d Cir. 2009).

E.  **Plaintiff's Retaliation Claim Is Barred By The Doctrine Of Collateral Estoppel**

The doctrine of collateral estoppel bars relitigation of a legal or factual issue that was previously decided in a prior action where: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Smith v. N.Y. City Dep't of Educ., 808 F. Supp. 2d 569, 577 (S.D.N.Y. July 18, 2011) (internal citations omitted); Burkybile v. Bd. of Educ., 411 F.3d 306, 310 (2d Cir. 2005), cert. den., 546 U.S. 1062 (2005).

Here, Plaintiff is attempting to relitigate the New York Education Law § 3020-a charges that were previously preferred against her and decided on October 31, 2015. In substance, it appears that Plaintiff is alleging that Defendants retaliated against her by filing New York Education Law § 3020a charges against her because she previously filed complaints with her union in 2012. However, Plaintiff is barred from making this argument as she previously

raised this identical argument at her New York Education Law § 3020-a hearing. This argument was soundly rejected by the Hearing Officer at Plaintiff's § 3020-a hearing, as the Hearing Officer sustained the charges preferred against Plaintiff and explicitly found that the filing of the § 3020-a charges were not retaliatory or wrongfully motivated. Further, Plaintiff subsequently commenced an Article 75 appeal seeking to vacate the Hearing Officer's Opinion and Award, and by order dated March 16, 2016, New York State Supreme Court Justice Manuel Mendez denied Plaintiff's Article 75 petition and upheld the Hearing Officer's decision. Because Plaintiff had a full and fair opportunity to litigate whether she was guilty of the misconduct charged, and the issue of her guilt and rejection of her retaliation claim was necessarily decided, the Hearing Officer's Award and subsequent Supreme Court decision affirming the Hearing Officer's Award is entitled to preclusive effect.

Notwithstanding the fact that Plaintiff's retaliation claim is barred by the doctrine of collateral estoppel, her retaliation claim also must be dismissed because Plaintiff fails to state a plausible claim of retaliation under any statute. In order for a retaliation claim to survive a motion to dismiss, "the plaintiff must plausibly allege that: (1) defendants discriminated -- or took an adverse employment action -- against [her], (2) 'because' [s]he has opposed any unlawful employment practice." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 90 (2d Cir. 2015). To plead causation, the plaintiff must "plausibly plead a connection between the [adverse] act and h[er] engagement in protected activity." Id. Even assuming that Plaintiff's retaliation claim was not barred by the doctrine of collateral estoppel, Plaintiff fails to plead a connection between the BOE's filing of § 3020-a charges and any "engagement in protected activity." Id. Because Plaintiff does not allege that she engaged in any protected activity relating to her race or age, her retaliation claim must be dismissed.

**F.  Plaintiff Fails To State A Plausible Claim Of Discrimination**

Plaintiff fails to state a plausible claim of discrimination on the basis of her race or age under any of the statutes she alleges violations of. In order for a Plaintiff to survive a motion to dismiss in an employment discrimination case, a plaintiff "must plausibly allege" that he or she suffered an adverse action and that plaintiff's protected class membership "was a motivating factor in the employment decision." Vega 801 F.3d at 86. Because Plaintiff fails to provide a single example of any adverse employment action that was taken against her on the basis of her race or age, her discrimination claims must fail.

Accordingly, Defendants request a pre-motion conference to discuss their proposed motion to dismiss, and, in accordance with Rule 3(A)(3) of the Court's Individual Rules of Practice, simultaneously request an extension of their time to answer the complaint.

Respectfully submitted,
*/s/ Justin W. Reiter*
Justin W. Reiter
Assistant Corporation Counsel

cc:    Juanita L. Murray (by first class mail)