UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JUANITA MURRAY,

                           Plaintiff,

          -against-

NEW YORK CITY BOARD OF EDUCATION,
ROBERT MERCEDES, SUSAN
CARR LAGOMARSINI,

                           Defendants.

SECOND AMENDED
COMPLAINT

15 CV 3191 (RRM)(ST)


JURY TRIAL DEMANDED

---

Plaintiff **JUANITA MURRAY**, by and through her attorneys GLASS KRAKOWER LLP,

as and for her Second Amended Complaint, alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff tenured School Social Worker Juanita Murray brings this action against her former

employer New York City Board (now known as Department) of Education (NYCBOE ) pursuant

to the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of

1964 (Title VII), based on age and race discrimination and retaliation at her workplace, and against

both her former employer and individual defendants Robert Mercedes and Susan Carr

Lagomarsini, pursuant to 42 U.S.C. Section 1981, based on race discrimination and retaliation.

1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the ADEA and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., as well as under 42 USC Section 1981 based on race discrimination and/or retaliation.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

4.      Plaintiff Juanita Murray is a resident of Westchester County and the State of New York.

5.      At all times relevant herein, Defendant New York City Board/Department of Education is a city school district established pursuant to Title II, Article-52-A of the New York State Education Law, NY Educ. Law Section 2590 et seq.

6.      At all times relevant herein, defendant Robert Mercedes was the principal of Middle School 390, a middle school in the Bronx, New York, within the New York City Board/Department of Education and is of Hispanic Dominican nationality.

7.      At all times relevant herein, defendant Susan Carr-Lagomarsini was a guidance counselor within the New York City Board/Department of Education.

2

## FACTUAL ALLEGATIONS

8.      Plaintiff was employed as a social worker with the NYCBOE since on or about 1992 and was working at Middle School 390 in September 2003 under Principal Mercedes until she left the NYCBOE in September 2017.

9.      Plaintiff is of African American race and is presently 55 years old.

10.     Middle School 390 is located at 1930 Andrews Ave South, Bronx, NY 10453.

11.     Principal Mercedes rated Plaintiff's performance consistently Satisfactory from 2004 through June 2010.

12.     As Plaintiff began approaching retirement age, Principal Mercedes suddenly began rating Plaintiff Unsatisfactory in her annual evaluations for the school years ending in June 2011, June 2012 and June 2013.

13.     Upon information and belief, Principal Mercedes set out to target six veteran, and costly, non-Hispanic staff members.  He ultimately succeeded in having five of the six staff members removed from their positions through trumped up charges, forced retirement, or forced medical leave.

**2012-13 School Year**

14.     In September 2012, Plaintiff was given a corrective action plan, under the guise that the administration was providing support, which was geared towards in-classroom *teachers*, even though Plaintiff is a social worker and Principal Mercedes had no experience supervising social workers

3

15.    Plaintiff sat in several staff meetings on or about December 2012 and January 2013 where Principal Mercedes stated that senior staff was "too expensive" and he would reach out to NYCDOE legal to obtain assistance on having those staff members removed.

16.    In January 2013, Plaintiff suddenly had her individual counseling sessions removed from her caseload by Principal Mercedes and instead given to Community Based Organizations.

17.    In January 2013, Plaintiff was in fact removed from her room and her entire caseload of students dispersed among other staff.

18.    Instead of performing the necessary social work, as of January 2013 until the end of the school year, Principal Mercedes assigned her out of license and made her circulate or lap the cafeteria twenty times and monitor students during lunch while also not allowing Plaintiff to use the restroom.

19.    In February 2013, at a Step 2 union grievance meeting, Principal Mercedes was told by NYCBOE grievance representatives that Social Workers were not to be ordered to work cafeteria duty; however, Principal Mercedes continued violating Plaintiff's contractual rights and ordering her to walk the cafeteria.

20.    In March 2013, Plaintiff filed, *inter alia*, age and race discrimination allegations against Principal Mercedes in a complaint with the NYCBOE Office of Equal Opportunity office. In the complaint, Plaintiff alleged that Principal Mercedes favors younger and Hispanic employees over older and non-Hispanic employees. For example, Principal Mercedes received notification that he had to reduce his staff because of budget cuts, but only encouraged non-Hispanic employees to leave.

21.     Shortly following her OEO complaint filing, Principal Mercedes retaliated against her by fabricating allegations to the Special Commissioner of Investigation that Plaintiff did not follow "Respect for All" protocol for alleged cyberbullying incidents between students. Guidance counselor Susan Carr Lagomarsini falsely alleged that Plaintiff "took no action" regarding the cyberbullying incidents.

22.     However, SCI substantiated the allegation nonetheless and the Plaintiff received a disciplinary letter, which ultimately became the subject of Section 3020-a charges against her. When Plaintiff requested training for the "Respect for All" protocol, Principal Mercedes denied her such training. This is a mandated training all school staff were supposed to receive.

**2013-14 School Year**

23.     In September 2013, Plaintiff was assigned as a classroom paraprofessional with only one teacher. The students' Individualized Education Plans required that there were two teachers in the classroom. Plaintiff could also not work as a paraprofessional as she is a social worker. These assignments were a part of Plaintiff's grievance, being assigned out of license duties.

24.     Plaintiff was served disciplinary termination charges by Defendant NYCDOE pursuant to New York State Law 3020-a in October 2013. She was reassigned to the office to shred paper, including school bell schedules, that were not confidential.

25.     While shredding paper, the machine jammed and clippings fell on the floor. In response to this, Principal Mercedes contacted School Safety to remove Plaintiff from the building.

5

26.     On October 4, 2013, Principal Mercedes requested that Plaintiff undergo a psychiatric evaluation stating paper shreddings were on the floor. A NYCBOE doctor found Plaintiff "fit" when Plaintiff went to the evaluation.

27.     In October 2013, Plaintiff was reassigned to an unsanitary basement storage room and directed to clean it. Because there was a federal government shutdown at the time, Plaintiff could not contact the Occupational Safety and Health Administration (OSHA) and instead contacted the NYS Department of Labor (DOL) and filed a complaint. Plaintiff was also directed to clean out other rooms, including the library. Plaintiff was also given the assignment to pack up another room with another African American teacher, Linda White, who was also a veteran teacher.

28.     After Plaintiff's complaint to the DOL, in November 2013, she was moved to Public School 37 in the Bronx for the remainder of the 2013-14 school year.

29.     On or about May 1, 2014, Plaintiff filed a complaint alleging race and age discrimination and retaliation with the U.S. Equal Employment Opportunity Commission (EEOC).

**2014-15 School Year**

30.     In September 2014, Plaintiff was reassigned back to Principal Robert Mercedes at MS 390. She was assigned to monitor attendance, security doors, and halls.

31.     On September 23, 2014, Plaintiff was verbally assaulted with racial epithets by a staff member, close to Principal Mercedes, who called her "Nigger" repeatedly and waved a yardstick at her. Plaintiff complained to Principal Mercedes in an email about this racial harassment, and instead she was summoned to a disciplinary meeting by Principal Mercedes for alleged "deformation [sic] of character" of the other staff member.

6

32.    Principal Mercedes lied during the disciplinary conference and Plaintiff's subsequent 3020-a hearing, stating he never saw her email that she was verbally assaulted by the same staff member who called her a "nigger." Plaintiff however, sent the email with "Read Receipt", which showed Principal Mercedes opened and read it on September 23, 2014 at 9:58 PM the night before he summoned her to the disciplinary conference.  The staff member did not get disciplined nor even moved away from her by school administration despite making racially derogatory comments to Plaintiff.

33.    In February 2015, Plaintiff's 3020-a termination hearings began and ended in June 2015.

34.    To further damage and harass Plaintiff, Principal Mercedes illegally docked her seventeen days, which greatly reduced her first paycheck in July 2015.  Through the grievance process, Plaintiff eventually was able to regain the days back, but only after ten months had passed. Sixteen of the days were medically documented.

**2015-16 School Year**

35.    While Plaintiff was performing security detail in the gymnasium, in September 2015, she was hit with a ball and filed a Line of Duty Injury (LODI) report. Principal Mercedes ignored her paperwork regarding the LODI injury and did not file the necessary paperwork.

36.    Before Plaintiff's Section 3020-a case was decided, in a decision dated September 22, 2015, based on Plaintiff's appeal of her 2010-11 Unsatisfactory rating,  in an Article 78 proceeding brought by her union on her behalf, the Appellate Division, First Department, reversed Plaintiff's 2010-11 Unsatisfactory year end rating issued by Defendant Mercedes as *irrational*, holding "In short, the complete absence of constructive criticism and warnings during the entire school year,

7

compounded by the lack of a formal observation and accompanying feedback during the school year, undermined the integrity and fairness of the process (*Matter of Kolmel*, 88 AD3d at 529). Accordingly, the judgment should be reversed, and the petition granted to the extent of annulling the U-rating."

37.     In November 2015, the hearing officer assigned to hear her 3020-a hearing, issued a decision fining the Plaintiff $7,500, and refused the NYCBOE's attempt to terminate Plaintiff's employment.

38.     Plaintiff was thereafter assigned outside the school and compelled to join the Absent Teacher Reserve (ATR) pool to be rotated around different schools in the Bronx.

39.     From November 2015 to June 2017, Plaintiff, a licensed Social Worker, was assigned all kinds of different jobs *except* being a "social worker" for students who need her.  She was told to cover lunch duty, watch students who did not have immunizations, and were not allowed in class, assigned counseling caseload without the parents' consent, secretarial assignments and breakfast duty.

40.     Plaintiff received right to sue letters from the EEOC dated January 13, 2015, June 10, 2016, and August 11, 2016, copies which are annexed hereto.


## FIRST CLAIM FOR RELIEF

### (Claims for Violation of ADEA – Age Discrimination and Retaliation)

41.     Plaintiff repeats and realleges all the preceding paragraphs of this Second Amended Complaint, as if fully set forth herein.

8

42.     Defendant NYCBOE, through the aforementioned conduct, has violated the Age Discrimination in Employment Act, by subjecting her to a hostile work environment based on age, by, *inter alia*, falsely rating her unsatisfactory, sending her to an unfounded mental fitness evaluation, retaliating against her by filing a Special Commissioner of Investigation report against her after she brought OEO charges against her principal; bringing her up on 3020-a disciplinary charges, and reassigning her to duties outside her license, ultimately resulting in her constructive discharge from the NYCBOE in June 2017.

## SECOND CLAIM FOR RELIEF

**(Claims for Violation of Title VII – Race Discrimination and Retaliation)**

43.     Plaintiff repeats and realleges all the preceding paragraphs of this Second Amended Complaint, as if fully set forth herein.

44.     Defendant NYCBOE, through the aforementioned conduct, has violated Title VII, by subjecting her to a hostile work environment based on race, by, *inter alia*, falsely rating her unsatisfactory, sending her to an unfounded mental fitness evaluation, retaliating against her by filing a Special Commissioner of Investigation report against her after she brought OEO charges against her principal; bringing her up on 3020-a disciplinary charges, and reassigning her to duties outside her license, ultimately resulting in her constructive discharge from the NYCBOE in June 2017.

## THIRD CLAIM FOR RELIEF

## (Claims for Violation of 42 USC 1981 against all Defendants– Race Discrimination and

## Retaliation)

45.     Plaintiff repeats and realleges all the preceding paragraphs of this Second Amended

Complaint, as if fully set forth herein.

46.     All defendants, through the aforementioned conduct, have violated 42 USC Section 1981

based on race discrimination and retaliation.

## JURY DEMAND

Plaintiff demands a trial by a jury on all of the triable issues of this Second Amended

Complaint.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for declaratory relief and damages as follows:

A.      A declaratory judgment that Defendant is in violation of the ADEA;

B.      A declaratory judgment that Defendant is in violation of Title VII;

C.      A declaratory judgment that Defendants are in violation of 42 USC Section 1981;

D.      Awarding Plaintiff compensatory damages (including but not limited to emotional

distress damages) and punitive damages (to the extent allowable by law) pursuant

to the ADEA and Title VII and 42 USC Section 1981;

E.      Awarding Plaintiff costs and reasonable attorneys' fees; and

F.      Such other and further relief as to this Court may deem necessary, just and proper.

10

Dated:       New York, New York
             October 9, 2017

                                 **GLASS KRAKOWER LLP**
                                 Attorneys for Plaintiff
                                 100 Church Street, 8th Floor, Suite 800
                                 New York, NY 10007
                                 (212) 537-6859

                                 By: _____s/_____
                                      Bryan D. Glass, Esq.

11

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To:   Juanita L. Murray
      1114 Stonegate Road
      Shrub Oak, NY 10588

From:  New York District Office
       33 Whitehall Street
       5th Floor
       New York, NY 10004

☐   On behalf of person(s) aggrieved whose identity is
    CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-01915 | Roxanne Zygmund, Investigator | (212) 336-3764 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒   The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Kevin J. Berry

_____
Kevin U. Berry,
District Director

January 13, 2015
(Date Mailed)

Enclosures(s)

cc.   Henry Chou
      Staff Attorney
      NYC DEPARTMENT OF EDUCATION
      52 Chambers Street
      Room 308
      New York, NY 10007

EEOC Form 181 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Juanita L. Murray<br>1114 Stonegate Road<br>Shrub Oak, NY 10588 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-00225 | Rudolph White,<br>Investigator | (212) 336-3753 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

Kevin J. Berry,
District Director

6/10/2016
*(Date Mailed)*

cc: **Robin Singer**
**Associate Counsel**
**NYC DEPARTMENT OF EDUCATION**
**Office of Legal Services**
**52 Chambers Street, Room 308**
**New York, NY 10007**

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Juanita L. Murray
1114 Stonegate Road
Shrub Oak, NY 10588

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-00225 | Rudolph White,<br>Investigator | (212) 336-3753 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

_____
Kevin J. Berry,
District Director

8/11/16
(Date Mailed)

cc: Robin Singer, Esq.
Associate Counsel, Office of Legal Services
NYC DEPARTMENT OF EDUCATION
52 Chambers Street, Room 308
New York, NY 10007