**GLASS KRAKOWER LLP**
ATTORNEYS AND COUNSELORS AT LAW
A Limited Liability Partnership
100 CHURCH STREET, 8TH FLOOR
NEW YORK, NY 10007
212-537-6859
FAX NO. 845-510-2219

*Bryan D. Glass*
Partner

E-mail: bglass@ghnylaw.com

October 17, 2017

*Via ECF*
Honorable Roslynn R. Mauskopf
United States District Judge
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

Re:   Juanita Murray v. NYCBOE et al.,
15 CV 3191 (RRM)(ST)

Dear Judge Mauskopf:

I am attorney for Plaintiff Juanita Murray in the above-referenced action. I write in response to the Court's order, dated October 16, 2017, in response to Defendants' proposed motion to dismiss letter, dated February 17, 2017 (#24), in the above-referenced matter.

With regard to Section B of Defendants' letter, Plaintiff did not receive the right to sue letter on January 13, 2015; she could *not* have as the letter was dated that day and the letter was not received until several days later. Therefore, based on the presumption of mailing under the federal rules, her original filing would be well within the 90 days of her receipt of the right to sue letter. In addition, Ms. Murray subsequently received two other right to sue letters attached to the second amended complaint in 2016, which would moot out untimeliness claims.

Plaintiff believes that the proposed second amended complaint attached hereto moots out many of the grounds for Defendants' proposed motion to dismiss in this matter. With regard to Sections C and D of Defendants' letter, Plaintiff is no longer pursuing SHRL and CHRL claims in her second amended complaint and does not seek liability against individual defendants pursuant to Title VII or the ADEA. Plaintiff does, however, continue to seek individual liability under 42 USC Section 1981, which is timely under a three year statute of limitations.

Otherwise, Defendants' motion to dismiss is premature on the other grounds. With regard to Section F of Defendants' letter, Plaintiff clearly has stated plausible claims of race and age discrimination in her second amended complaint in paragraphs 42 and 44. Plaintiff was subjected to racial comments as alleged in paragraphs 31 and 32 of the second amended complaint, which Defendant principal did nothing about but instead outrageously disciplined her for defaming a staff member. Plaintiff also states clearly viable retaliation claims as she alleges

she was retaliated against with a false SCI report submitted by her principal after she made a race and age based complaint against him with the NYCDOE's OEO office, as alleged in paragraph 20 and 21 of the second amended complaint.

The retaliation claim also is not precluded by the collateral estoppel effect of the Section 3020-a partial finding of guilt against Ms. Murray. The Section 3020-a hearing officer did not make express findings on her discrimination and retaliation claims. In any event, the Second Circuit in *Leon v. NYCDOE,* No. 14-1811 (2d Cir. 2015), has held post-*Burkybile* that retaliation claims can proceed even with an adverse 3020-a finding against a teacher, even including a termination. The Second Circuit stated that a hearing officer's determination sustaining charged conduct "does not preclude a jury from later finding the plaintiff was also [disciplined] at least in part because of [discriminatory reasons]." *Id.*

In fact, the Court should consider instead the collateral estoppel effect *against* Defendants based on Ms. Murray's successful appeal and annulment of an Unsatisfactory rating issued against her by her principal before the Appellate Division, First Department, as alleged in paragraph 36 of the second amended complaint. The effect of that Appellate Division decision suggests that Principal Mercedes could not have had legitimate reasons to issue Ms. Murray an unsatisfactory rating for that particular school year, and was instead motivated by illegitimate and potentially discriminatory and/or retaliatory motives against her.

Based on the above, and the second amended complaint, it is respectfully requested that Defendants be dissuaded from proceeding on a motion to dismiss at this time as premature, and that a discovery schedule or another mediation session be scheduled in this matter.

Thank you for your consideration.

Respectfully submitted,

By: _s/_____
Bryan D. Glass, Esq.

Enclosures (proposed second amended complaint)

c: Justin Reiter, Asst. Corporation Counsel, Attorney for Defendants