# Exhibit "E"

NEW YORK
COUNTY CLERK'S OFFICE

MAY 2 0 2016

RECEIVED
NYS SUPREME COURT - CIVIL
GENERAL CLERK'S OFFICE
MAY 7 2016

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT:      **MANUEL J. MENDEZ**      NOT COMPARED    PART 13
                        *Justice*      WITH COPY FILE

In the Matter of

JUANITA MURRAY,

              Petitioner,      INDEX NO.    102004/15
      -against-      MOTION DATE   03-09-2015
                                         MOTION SEQ. NO.   001
NEW YORK CITY DEPARTMENT OF EDUCATION,    MOTION CAL. NO.

              Respondent.

The following papers, numbered 1 to 6 were read on this petition to/for Art. 75 relief and Cross-Motion to Dismiss the Petition:

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | 1 - 3 |
| Answering Affidavits — Exhibits _____ cross motion | 4 - 6 |
| Replying Affidavits | |

Cross-Motion:   X   Yes     No

      Upon a reading of the foregoing cited papers, it is ordered and adjudged that the petition pursuant to CPLR §7511, seeking to reverse, vacate, and set aside the arbitrator's October 31, 2015 Opinion and Award, and dismiss the imposed $7,500.00 fine, is denied. The cross-motion seeking to dismiss the petition pursuant to Education Law §3020-a [5], CPLR §404[a], CPLR §3211[a][7], and CPLR §7511, is granted and this proceeding is dismissed.

      Petitioner is a tenured social worker employed by the Respondent for twenty-three years (23) to provide individual and group counseling to students with special needs as required by their Individual Education Plan (IEP). She has a Master of Science and Social Work from Columbia University School of Social Work and a License of Master in Social Work (LMSW). Her most recent assignment, starting in September of 2003 through the end of the 2012 school year, was at Middle School 390, in Bronx County.

      Petitioner was removed from her position as a Related Services Provider as a result of two consecutive Unsatisfactory Ratings (U-ratings) for the 2010-2011 and 2011-2012 school year, starting in the second half of the 2012-2013 school year. Charges filed against a tenured person are called "specifications." Respondent asserted twenty-five (25) specifications against Petitioner for the school years 2010-2011, 2011-2012, and 2012-2013, alleging that there was sufficient just cause for disciplinary action and termination under Education Law §3020-a[5]. The charges included, inefficient service, conduct unbecoming someone in Petitioner's position and insubordination. Education Law §3020-a [3] requires that a disciplinary hearing be conducted by a hearing officer to address the specifications.

      A hearing was conducted before Hearing Officer, Haydee Rosario, Esq. (hereinafter referred to as "hearing officer"), with Petitioner having the opportunity to present witnesses and evidence together with the opportunity to cross-examine and make arguments in support of each of the parties' positions. The disciplinary hearing is conducted as compulsory arbitration.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

On October 31, 2015 the hearing officer rendered a 57 page Opinion and Award, addressing the specifications by each school year. Specifications 1 and 6 were withdrawn by the Respondent prior to the Award. The hearing officer dismissed specifications 2, 3, 5, and 7 for insufficient evidence. Specifications 4, and 9 through 24 were all sustained. A penalty of $7,500.00 to be paid over a period of six months was imposed under Specification 24, for inexcusable conduct to ensure the safety of students.

Specification 24 alleges Petitioner failed to notify the appropriate authorities or properly handle a parent's complaint in February of 2013, that a student had expressly stated she wanted to kill herself or hurt herself, if another male student did not go out with her on Valentines Day. The hearing officer in weighing the evidence and testimony provided, did not terminate Petitioner's employment, finding that she had twenty three years of satisfactory work, which served to reduce the penalty. The hearing officer found that Petitioner's, "failures and neglect her job duties," together with "her passive resistance against Principal Mercedes," constituted serious misconduct and rejected a lesser penalty of professional development.

The petition seeks to have this Court, reverse, vacate, and set aside the arbitrator's October 31, 2015 Opinion and Award, and dismiss the $7,500.00 fine imposed.

Pursuant to Education Law §3020-a [5], a petition to vacate the determination of a hearing officer, requires that the Court apply the standard set forth in CPLR §7511. The standard for granting a petition pursuant to CPLR §7511 is to, "show misconduct, bias, excess of power, or procedural defects." An arbitrator's award can be set aside if it violates strong public policy or is totally irrational (Austin v. Board of Education of the City School Dist. Of City of New York, 280 A.D. 2d 365, 720 N.Y.S. 2d 344 [ 1st Dept., 2001]; Hegarty v. Board of Education of the City of New York, 5 A.D. 3d 771, 773 N.Y.S. 2d 611 [ 1st Dept., 2004] and Matter of Pell v. Board of Education, 34 N.Y. 2d 222, 356 N.Y.S. 2d 833, 313 N.E. 2d 321 [1974]). There is an additional standard applied and judicial scrutiny is stricter when the parties have submitted to compulsory arbitration rather than a determination rendered after voluntary arbitration. After compulsory arbitration the determination, "must be in accord with due process and supported by adequate evidence, and must also be rational and satisfy the arbitrary and capricious standards of CPLR article 78" ( Lackow v. Dept. of Education (or "Board") of City of New York, 51 A.D. 3d 563, 859 N.Y.S. 2d 52 [ 1st Dept., 2008]; City School Dist. of the City of New York v. McGraham, 75 A.D. 3d 445, 905 N.Y.S. 2d 86 [1st Dept., 2010]). A hearing officer's finding that the testimony was inconsistent or lacked credibility is not a basis to vacate the determination (Lackow v. Dept. of Educ. (or "Board") of City of New York, 51 A.D. 3d 563, supra; Austin v. Board of Educ. of the City School Dist. of City of New York, 280 A.D. 2d 365, supra).

Petitioner argues that the hearing officer's determination is inconsistent and excessive, and fails to rely on the facts. She claims the hearing officer's credibility determinations were erroneous because after removal from the Related Services assignments, her colleagues had their workloads increased, creating a hostile environment. Petitioner also claims that the hearing officer ignored evidence that the Principal, Mr. Mercedes, reacted to her Special Education complaint in removing her from the Related Services assignments. Petitioner argues that the hearing officer misread her "fear" of ending hard earned career as passive resistance.

Judicial review of administratively imposed sanctions is limited (Matter of Board of Education of Dundee Central School District, 96 A.D. 3d 1536, 947 N.Y.S. 2d 707 [4th

Dept. 2012]). An administrative sanction may only be revised in those circumstances where it is, "so disproportionate to the offense as to shock the conscience of the court." The Court would have to find that the determination is "shocking to one's sense of fairness." A result is, "shocking to one's sense of fairness," if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the public generally, visited or threatened by the derelictions of the individual." Additional factors would include deterrence or the reasonable prospect of recurrence, and "the standards of society to be applied to the offense involved" (Matter of Pell v. Board of Education, 34 N.Y. 2d 222, supra ; Harris v. Mechanicville Central School District, 45 N.Y. 2d 279, 380 N.E. 2d 213, 408 N.Y.S. 2d 384 [1978]. Unless there is no proof whatever to justify the award so as to render it entirely irrational, the arbitrator's finding is not subject to judicial oversight (Matter of Peckerman v. D & D Associates, 165 A.D. 2d 289, 567 N.Y.S. 2d 416 [1st. Dept. 1991]).

The hearing officer's October 31, 2015 Opinion and Award, provided a detailed and reasoned analysis of the evidence presented. Petitioner was found to have rejected the assistance provided, but discrepancies in evaluations and her career history with Respondent avoided the harshest penalties. Petitioner's claims of hostile work environment by her colleagues due to work load, are unsupported by the record. Petitioner's conclusory statement that the Hearing Officer did not rely on facts is not supported by the evidence or sufficient to vacate the October 31, 2015 Opinion and Award. Petitioner's challenge to the hearing officer's credibility determinations does not show that the $7,500.00 fine for failure to follow up on the parent's concerns regarding a special need child, is disproportionate to the offense or shocking to a sense of fairness.

CPLR §3211[a][7], applies to dismissal for failure to state a cause of action and requires a reading of the pleadings to determine whether a legally recognizable cause of action can be identified and is properly pled (Leon v. Martinez, 84 N.Y. 2d 83, 638 N.E. 2d 511, 614 N.Y.S. 2d 972 [1994]).

Petitioner has not stated a legally recognizable cause of action, or a basis to reverse, vacate, and set aside the arbitrator's October 31, 2015 Opinion and Award, or to dismiss the $7,500.00 fine imposed.

Accordingly, it is ORDERED AND ADJUDGED that the petition pursuant to CPLR §7511, seeking to reverse, vacate, and set aside the arbitrator's October 31, 2015 Opinion and Award, and dismiss the imposed $7,500.00 fine, is denied, and it is further,

ORDERED and ADJUDGED, that the cross-motion to dismiss the petition pursuant to CPLR §404[a], CPLR §3211[a][7], and CPLR §7511, is granted, and it is further,

ORDERED that the proceeding is dismissed, and it is further,

ORDERED, that the Clerk of the Court shall enter judgment accordingly.

FILED
MAY 24 2016
COUNTY CLERK'S OFFICE
NEW YORK

Dated: May 16, 2016

ENTER:

MANUEL J. MENDEZ, J.S.C.

MANUEL J. MENDEZ
J.S.C.

Check one:   X  FINAL DISPOSITION        ☐ NON-FINAL DISPOSITION
Check if appropriate:   ☐ DO NOT POST        ☐ REFERENCE