No.  15-CV-3191 (RRM) (ST)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUANITA MURRAY,

                                              Plaintiff,

-against-

NEW YORK CITY BOARD OF EDUCATION, ROBERT MERCEDES, SUSAN CARR LAGOMARSINI,

                                              Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 2-141*
*New York, New York  10007*

*Of Counsel:  Justin Reiter*
*Tel.:  (212) 356-3580*
*Matter No.:  2015-026482*

Danielle Dandrige,
Justin Reiter,
    Of Counsel.

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ I

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

    POINT I ............................................................................................................................... 3

        PLAINTIFF'S ADEA AND TITLE VII CLAIMS
        ARE BARRED BY THE 90-DAY STATUTE OF
        LIMITATION ........................................................................................... 3

    POINT II .............................................................................................................................. 5

        PLAINTIFF HAS NOT ALLEGED CLAIMS
        UNDER THE NYSHRL OR NYCHRL IN HER
        SECOND AMENDED COMPLAINT ..................................................... 5

    POINT III ............................................................................................................................ 6

        PLAINTIFF'S TITLE VII, ADEA AND § 1981
        RETALIATION CLAIMS ARE BARRED BY
        THE DOCTRINE OF COLLATERAL ESTOPPEL ................................. 6

    POINT IV ............................................................................................................................ 8

        PLAINTIFF'S TITLE VII, ADEA AND § 1981
        DISCRIMINATION CLAIMS MUST BE
        DISMISSED FOR FAILURE TO STATE A
        PLAUSIBLE CLAIM AND BECAUSE THEY
        ARE TIME-BARRED IN PART BY THE 300-
        DAY STATUTES OF LIMITATION ..................................................... 8

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Collins v. City of New York,
   No. 15-CV-5008, 156 F. Supp.3d 448 (S.D.N.Y. Jan. 11, 2016 ) ............................................6

Danzer v. Norden Systems Inc.,
   151 F.3d 50 (2d Cir. 1998)..................................................................................................9

Giove v. City of New York,
   No. 15 CV 2998 (PKC)(VMS), 2018 U.S. Dist. LEXIS 18909 (E.D.N.Y. Feb.
   5, 2018) ................................................................................................................................7

Gorley v. Metro-North Commuter R.R.,
   No. 99 Civ. 3240 (NRB), 2000 U.S. Dist. LEXIS 18427, *12 (S.D.N.Y. Dec.
   21, 2000) ..............................................................................................................................9

Jones v. Rochester City Sch. Dist.,
   676 Fed. Appx. 95 (2d Cir. 2017).....................................................................................2, 3

Krupski v. Costa Crociere S.p.A.,
   560 U.S. 538 (2010) .............................................................................................................5

Martinez v. Riverbay Corp.,
   No. 16 Civ. 547 (KPF) 2016 U.S. Dist. LEXIS 138411 (S.D.N.Y. Oct. 4,
   2016) ....................................................................................................................................5

Mazur v. N.Y. City Dep't of Educ.,
   53 F. Supp.3d 618 (S.D.N.Y. 2014), aff'd, 621 Fed. Appx. 88 (2d Cir. 2015) ....................8

Morris v. Lindau,
   196 F.3d 102 (2d Cir. 1999).................................................................................................9

Shah v. Helen Hayes Hosp.,
   252 Fed. Appx. 364 (2d Cir. 2007)......................................................................................6

Sherlock v. Montefiore Med. Ctr.,
   84 F.3d 522 (2d Cir. 1996)...................................................................................................5

Sotomayor v. City of New York,
   862 F. Supp. 2d 226 (E.D.N.Y. May 21, 2012), aff'd 713 F.3d 163 (2d Cir.
   2013) ....................................................................................................................................6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

JUANITA MURRAY,

                            Plaintiff,

                            15-CV-3191 (RRM) (ST)

      -against-

NEW YORK CITY BOARD OF EDUCATION, ROBERT MERCEDES, SUSAN CARR LAGOMARSINI,

                            Defendants.

------------------------------------------------------------ x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

       Plaintiff Juanita Murray ("Plaintiff"), a tenured school social worker who was formerly employed by the Board of Education of the City School District of the City of New York ("BOE"), commenced this action against the BOE, Robert Mercedes and Susan Carr-Lagomarsini pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C.§§ 2000e, *et seq.,* ("Title VII") and 42 U.S.C. § 1981 ("§ 1981"). Plaintiff alleges that she has been discriminated against based on her age and race, and that Defendants retaliated against her after she filed an OEO complaint against Defendants. On March 22, 2018, Defendants moved to dismiss the Second Amended Complaint ("SAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Complaint ("Defendants' MOL"). On April 23, 2018, Plaintiff served Defendants with

Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Complaint ("Plaintiff's MOL"), and the Declaration of Plaintiff Juanita Murray ("Murray Decl.").

Plaintiff's SAC must be dismissed, as Plaintiff fails to rebut Defendants' argument that Plaintiff's Title VII and ADEA claims are time-barred. In response to Defendants' argument that Plaintiff's ADEA and Title VII claims are time-barred, Plaintiff now asserts that she mistakenly stated in her First Amended Complaint that she received her right to sue letter on January 13, 2015. See Plaintiff's Opp. at p. 14. This argument must be rejected, as Plaintiff fails to address, much less distinguish, the instant action from the nearly identical case Jones v. Rochester City Sch. Dist., 676 Fed. Appx. 95, 97 (2d Cir. 2017). Moreover, even applying the three-day presumption of receipt to Plaintiff's Title VII and ADEA claims, the claims are still time-barred.

Second, Plaintiff fails to refute Defendants' argument that her Title VII, ADEA and § 1981 retaliation claims are barred by the doctrine of collateral estoppel, as Plaintiff merely argues that "Plaintiff's 3020-a hearing decision's focus…was not her claims of retaliation and discrimination, and the 3020-a decision should not estop her from moving to trial." See Plaintiff's Opp. at p. 16. This bald assertion disregards the Opinion and Award from Plaintiff's § 3020-a hearing, where Hearing Officer Rosario explicitly addressed Plaintiff's argument that Principal Mercedes had acted with retaliatory animus against Plaintiff, and rejected this argument. See Exhibit "B" annexed to the Reiter Decl. at pp. 23, 26, 29, 30, 31, 38.

Plaintiff boldly argues that her claims under the New York State Human Rights law ("NYSHRL") and New York City Human Rights law ("NYCHRL") are valid; however, her argument is utterly misplaced given that the SAC contains no such causes of action. And to the extent that Plaintiff now seeks leave to amend her complaint for a third time, leave should be

denied as Plaintiff's request is made in bad faith and such claims would be futile. Plaintiff previously told the Court that she was withdrawing these claims. See ECF Dkt. No. 35. In the letter Plaintiff submitted to the Court on October 17, 2017, she explicitly stated "Plaintiff is no longer pursuing SHRL and CHRL claims in her second amended complaint," and thus can assert no good faith reason for seeking to add such claims now. See ECF Dkt. No. 35. Additionally, her NYSHRL and NYCHRL claims would be futile given that Plaintiff has not alleged to filing a Notice of Claim.

Finally, Plaintiff fails to state a plausible claim of age or race discrimination.

## ARGUMENT

### POINT I

### PLAINTIFF'S ADEA AND TITLE VII CLAIMS ARE BARRED BY THE 90-DAY STATUTE OF LIMITATION

Plaintiff argues that her Title VII and ADEA claims are timely because she "obviously did not receive her right to sue letter from the EEOC on January 13, 2015, as it was dated that day and sent by regular mail." See Plaintiff's Opp. at p. 14. Notably, Plaintiff completely fails to address, let alone distinguish Jones from the instant lawsuit, instead relying on non-binding case law from the Eighth Circuit. See Jones, 676 Fed. Appx at 95; see Plaintiff's MOL at pp. 14-15. Plaintiff's failure to address Jones is telling given the factual similarity between the instant matter and Jones.

Here, Plaintiff initially asserted that she received her right to sue letter for Charge No. 520-2014-01915 on January 13, 2015; the date the letter was mailed to Plaintiff. See ECF Dkt. No. 16 at p. 7. Similarly in Jones, the plaintiff initially asserted that he received his right to sue letter on June 29, 2011; the date the letter was mailed to the plaintiff's attorney. See Jones, 676 Fed. Appx. at 95. To salvage his time-barred claim, the plaintiff in Jones subsequently

argued that the three day presumption of mailing should apply to his Title VII claim because "the EEOC's computer log reflect[ed] that the right-to-sue letter was <u>mailed</u> to [the plaintiff's] attorney on June 29, 2011." The Second Circuit rejected this argument because the plaintiff "made clear in his complaint…that he <u>received</u> the letter on June 29, 2011." <u>Id</u>. (emphasis added). Accordingly, because Plaintiff originally made clear that she received her right to sue letter on January 13, 2015 for Charge No. 520-2014-01915, this is the date on which the statute of limitations began to run for Plaintiff's Title VII and ADEA claims. <u>See</u> ECF Dkt. No. 16 at p. 7.

Moreover, as stated in Defendants' MOL, even applying the three-day presumption of receipt, Plaintiff's Title VII and ADEA claims remain untimely, as the last day for Plaintiff to commence this lawsuit would have been April 16, 2015. <u>See</u> Defendants' MOL at p. 12.

In a blatant attempt to avoid this matter of simple calculation, Plaintiff, for the first time since she commenced this action by filing a Summons with Notice in New York State Supreme Court, Queens County on April 17, 2015, alleges that "[t]o my best recollection, I believe that I received in the mail the first EEOC right to sue letter the day after Martin Luther King day in January 2015, which was January 20, 2015." <u>See</u> Murray Decl. at ¶ 8; <u>see</u> Plaintiff's MOL at p. 14. Importantly, Plaintiff does not definitively swear that she received the right to sue letter for Charge No. 520-2014-01915 on January 20, 2015. <u>See</u> Murray Decl. at ¶ 8. Rather, Plaintiff hedges her statement that she received this right to sue letter on January 20, 2015 by using the terms "I believe" and "[t]o my best recollection." <u>See</u> Murray Decl. at ¶ 8.

Conveniently for Plaintiff, her "recollection" that she received this right to sue letter on January 20, 2015 would make her Title VII and ADEA claims timely for purposes of

the instant lawsuit. However, it is well-established that the Court "would not regard the presence of a self-serving date-of-receipt notation…as evidence rebutting the presumption that the letter was received three days after its typewritten date." See Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996). Because "courts require firm substantiation when a plaintiff contends that [s]he received the right to sue letter more than three days after its mailing," the fact that (a) Plaintiff initially provided a sworn document stating that she received the right to sue letter for Charge No. 520-2014-01915 on January 13, 2015, and (b) that Plaintiff does not definitively swear that she received the right to sue letter for Charge No. 520-2014-01915 on January 20, 2015, Plaintiff cannot defeat the three-day presumption of mailing and receipt. Consequently, her Title VII and ADEA claims are untimely. See Martinez v. Riverbay Corp., No. 16 Civ. 547 (KPF) 2016 U.S. Dist. LEXIS 138411, *9 (S.D.N.Y. Oct. 4, 2016).

Plaintiff's argument that she "subsequently received two other right to sue letters (on June 10, 2016 and August 11, 2016) from the EEOC in 2016, which may make all or some of my claims in this action retroactively timely," is similarly without merit. See Murray Decl. at ¶ 11; see ECF Dkt. No. 16 at p. 7. Fed. R. Civ. P. 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading even though it was filed outside an applicable limitations period." Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010) (emphasis added). Due to the fact that Plaintiff's original Summons with Notice was untimely filed in this action, the relation back doctrine does not apply to Plaintiff's claims stemming from her June 10, 2016 and August 11, 2016 right to sue letters, and any such claims are therefore untimely.

## POINT II

**PLAINTIFF HAS NOT ALLEGED CLAIMS UNDER THE NYSHRL OR NYCHRL IN HER SECOND AMENDED COMPLAINT**

Despite the fact that Plaintiff does not bring claims under the NYSHRL or NYCHRL in her SAC, she now attempts to bring these claims for the first time in opposition to Defendants' motion to dismiss the SAC. See Plaintiff's MOL at p. 13. Because it is well-established that "[a] party may not use his or her opposition to a dispositive motion as a means to amend the complaint," Plaintiff should not be allowed to proceed with these claims. See Shah v. Helen Hayes Hosp., 252 Fed.Appx. 364, 366 (2d Cir. 2007). Moreover, to the extent Plaintiff now seeks leave to amend her complaint for a third time, leave should be denied as an amendment to add these NYSHRL and NYCHRL claims would be futile. [1]

Further, pursuant to the Court's Order from October 16, 2017, Plaintiff's counsel had to submit a letter to the Court addressing how his proposed amended complaint "obviates the issues raised in defendants' proposed motion to dismiss." See Court Order, dated October 16, 2017. In response to the Court's order, Plaintiff's counsel submitted a letter on October 17, 2017. See ECF Dkt. No. 35. In Plaintiff's counsel's October 17, 2017 letter, he explicitly states that "Plaintiff is no longer pursuing SHRL and CHRL claims in her second amended complaint." See ECF Dkt. No. 35. Because Plaintiff explicitly withdrew her NYSHRL and NYCHRL claims, Plaintiff cannot proceed with any claims under the NYSHRL and NYCHRL.

## POINT III

**PLAINTIFF'S TITLE VII, ADEA AND § 1981 RETALIATION CLAIMS ARE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL**

---

[1] Plaintiff's NYSHRL and NYCHRL claims against the BOE that occurred before April 17, 2014 are time-barred. See Sotomayor v. City of New York, 862 F. Supp. 2d 226, 249 (E.D.N.Y. May 21, 2012), aff'd 713 F.3d 163 (2d Cir. 2013). Separately, Plaintiff's claims against the BOE are barred because Plaintiff failed to file a notice of claim as required by New York Education Law § 3813(1). See Collins v. City of New York, No. 15-CV-5008, 156 F. Supp.3d 448, 460-462 (S.D.N.Y. Jan. 11, 2016 ); see also Plaintiff's MOL at p. 13.

-6-

Plaintiff's naked assertion that her "3020-a hearing decision's focus…was not her claims of retaliation and discrimination, and the 3020-a decision should not estop her from moving to trial" is insufficient to rebut Defendants' argument that her Title VII, ADEA and § 1981 retaliation claims are barred by the doctrine of collateral estoppel.  See Plaintiff's MOL at p. 16.  Plaintiff's reliance on Giove v. City of New York, No. 15 CV 2998 (PKC)(VMS), 2018 U.S. Dist. LEXIS 18909 (E.D.N.Y. Feb. 5, 2018) is inapposite.

In Giove, the Court found that the plaintiff's Title VII and NYCHRL claims were not barred by the doctrine of collateral estoppel because there was no "indication that Hearing Officer McKeever 'necessarily decided' Plaintiff's claims of discrimination and retaliation as part of Plaintiff's § 3020-a hearing." Id. at * 12.  Unlike the Hearing Officer in Giove however, the Hearing Officer at Plaintiff's § 3020-a hearing did in fact address Plaintiff's argument that Principal Mercedes acted with retaliatory animus against her; just as Plaintiff argues in the her Second Amended Complaint.  See Exhibit "B" annexed to the Reiter Decl. at pp. 23, 26, 29, 30, 31, 38; see SAC at ¶ 21.  In response to Plaintiff's argument that Principal Mercedes retaliated against her, Hearing Officer Rosario stated: "I also find that the evidence is insufficient to establish that Principal Mercedes' evaluations or disciplinary actions were tainted by animus or hostility because Murray filed a complaint with the UFT.  On this record, the timing of the events, without more, is not sufficient to establish Murray's claim of retaliation."  See Exhibit "B" annexed to the Reiter Decl. at p. 31.

Whereas the Court in Giove found that the Hearing Officer "does no more than refer to Plaintiff's defenses of discrimination and retaliation, and offers no basis for rejecting them," the Hearing Officer in Plaintiff's case made a distinct finding that Plaintiff had not established a claim of retaliation.  Therefore, Giove is distinguishable from Plaintiff's lawsuit,

and Plaintiff's retaliation claims are barred by the doctrine of collateral estoppel. See Mazur v. N.Y. City Dep't of Educ., 53 F. Supp.3d 618, 631 (S.D.N.Y. 2014), aff'd, 621 Fed. Appx. 88 (2d Cir. 2015) (holding Plaintiff's claims of age and disability discrimination were actually decided at Plaintiff's § 3020-a hearing because they were her central defenses).

## POINT IV

**PLAINTIFF'S TITLE VII, ADEA AND § 1981 DISCRIMINATION CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A PLAUSIBLE CLAIM AND BECAUSE THEY ARE TIME-BARRED IN PART BY THE 300-DAY STATUTES OF LIMITATION**

**A.   Plaintiff Fails To State A Plausible Claim of Age or Race Discrimination**

With respect to Plaintiff's age and race discrimination claims, she alleges that she suffered the following adverse actions based on her race and age: (1) "lost wages as a result of being fined after the 3020-a hearing," (2) "[l]ost opportunity to make overtime since becoming a rotating Absent Teacher Reserve after her 3020-a disciplinary proceeding," and (3) "[r]eceived an unsatisfactory overall rating."[2]  See Plaintiff's MOL at p. 8.  Even assuming arguendo that these are adverse employment actions, Plaintiff fails to articulate any facts showing that these actions were taken based on Plaintiff's age or race.

Further, the only argument that Plaintiff makes with respect to her claim of race discrimination pursuant to Title VII and § 1981 is her argument that her co-worker made racist remarks that were allegedly not addressed by the BOE's OEO.  See Plaintiff's Opp. at p. 10. Even assuming the allegation to be true for the purpose of this motion, Plaintiff fails to allege

---

[2] Plaintiff alleges that she received unsatisfactory ratings in June 2011, June 2012 and June 2013.  Thus, to the extent she alleges that these ratings constituted adverse employment actions under Title VII or the ADEA, these claims are time-barred, as they occurred before July 5, 2013 (300 days prior to Plaintiff filing Charge No. 520-2014-01915 with the EEOC on May 1, 2014.  See Defendants' MOL at p. 12.

any adverse action was taken against her in connection with these remarks. Moreover, Plaintiff's interaction with her co-worker cannot sustain a hostile work environment claim based on her race, as it is well established that "stray remarks alone do not support a discrimination suit." See Danzer v. Norden Systems Inc., 151 F.3d 50, 56 (2d Cir. 1998); see Gorley v. Metro-North Commuter R.R., No. 99 Civ. 3240 (NRB), 2000 U.S. Dist. LEXIS 18427, *12 (S.D.N.Y. Dec. 21, 2000) ("[S]tray comments are not evidence of discrimination if they are made by individuals without decision-making authority."). Thus, Plaintiff's lone interaction with her co-worker, who had no decision-making authority with respect to Plaintiff, is insufficient to maintain a race discrimination claim.

**B.      Plaintiff Fails To State  A Plausible Claim Of Retaliation Under Title VII, Section 1981 and the ADEA**

While Plaintiff argues that she was retaliated against in a number of different ways because she "filed her OEO discrimination complaint with the DOE," Plaintiff's arguments are riddled with factual inaccuracies.[3] First, Plaintiff's allegation that she received negative evaluations in June of 2011, 2012 and 2013 after she filed an OEO complaint against Principal Mercedes does not bear out. See Plaintiff's MOL at p. 11. In fact, Plaintiff filed an OEO complaint on April 2, 2013. See Exhibit "A" annexed to the Reiter Decl.; see Plaintiff's MOL at p. 1. Thus, Plaintiff's ratings from June 2011 and June 2012 cannot be considered retaliatory adverse actions.[4]

---

[3] Plaintiff's allegation that she was forced to have a medical evaluation after she filed her OEO complaint is too remote in time to plausibly plead a causal connection based upon mere temporal proximity as it took more than six months after she filed her complaint with OEO. Morris v. Lindau, 196 F.3d 102, 113 (2d Cir. 1999)

[4] To the extent Plaintiff alleges the rating she received in June 2013 should be considered an adverse retaliatory action taken against her under the ADEA and Title VII, these claims are time-barred, as they occurred prior to July 5, 2013. See Defendants' MOL at p. 2.

Plaintiff's allegation that filing an OEO complaint against Principal Mercedes "ultimately trigger[ed] an investigation against her that led to Section 3020-a disciplinary charges" is also factually inaccurate. See Plaintiff's MOL at p. 12. As established at Plaintiff's §3020-a hearing, a report was made to the Special Commissioner of Investigation ("SCI") in March 2013 regarding Plaintiff's failure to report an incident that a parent reported to her "about her son communicating with a female student on Facebook who had threatened to kill or hurt herself if he did not go out with her on Valentines Day." See Exhibit "B" annexed to the Reiter Decl. at p. 51. Thus, the investigation into Plaintiff's conduct predated Plaintiff's complaint that she filed with OEO in April 2013. As a result, Plaintiff cannot plausibly allege that her complaint to OEO was the "but-for" cause of a report being made to SCI about Plaintiff.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to dismiss the second amended complaint, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         May 7, 2018

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for Defendants
                                        100 Church Street, Room 2-141
                                        New York, New York 10007
                                        (212) 356-3580
                                        jreiter@law.nyc.gov

By:   /s/ *Justin W. Reiter*
        Justin Reiter
        Assistant Corporation Counsel

Danielle Dandrige,
Justin Reiter,
   Of Counsel.