UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

JUANITA MURRAY,

                                      Plaintiff,

-against-

NEW YORK CITY BOARD OF EDUCATION, ROBERT MERCEDES, SUSAN CARR LAGOMARSINI,

                                        Defendants.

**DEFENDANT'S ANSWER**

15-CV-3191 (RRM)(ST)

------------------------------------------------------------------------x

        Defendant Board of Education of the City School District of the City of New York ("BOE") (also known as the "New York City Department of Education") by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their Answer to the second amended complaint, (the "Complaint"), respectfully alleges as follows[1]:

        1.     Denies the allegations set forth in paragraph "1" of the Complaint except admits that Plaintiff was employed as a tenured School Social Worker by the DOE, and that Plaintiff purports to proceed as set forth therein.

        2.     Denies the allegations set forth in paragraph "2" of the Complaint except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

        3.     Denies the allegations set forth in paragraph "3" of the Complaint except admits that plaintiff purports to state the basis for venue as set forth therein.

        4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

---

[1] The March 21, 2019 order of this Court dismissed Plaintiff's claims under § 1981, the New York State Human Rights Law and New York City Human Rights Law. As all claims pled against Defendants Robert Mercedes or Susan Carr Lagomarsini were terminated they were dismissed as Defendants from this case. Plaintiff's claims for race and age discrimination as well as hostile work environment survived under the ADEA and Title VII, and her claims for retaliation under Title VII and the ADEA survived with respect to the alleged diminishment of Plaintiff's job responsibilities.

5. Denies the allegations set forth in paragraph "5" of the Complaint, and respectfully refers the Court to the statutes cited therein for a complete and accurate description of their contents.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admit that Robert Mercedes served as the principal of Middle School 390 in the Bronx from his appointment in 1999 until the present and Robert Mercedes self-identifies as Hispanic and Dominican.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that Susan Carr-Lagomarsini was appointed to Middle School 390 in approximately 2000 and has remained in the position of guidance counselor to the present.

8. Denies the allegations set forth in paragraph "8" of the Complaint, except admit Plaintiff was appointed as a social worker by the BOE in 1992, and was assigned to Middle School 390 in 2003.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admits that that Plaintiff self-identifies as African American and that her age is 55.

10. Admits the allegations set forth in paragraph "10" of the Complaint.

11. Denies the allegations set forth in paragraph "11" of the Complaint, except admits that Plaintiff was rated satisfactory on her Annual Performance Reviews from the 2004-2005 school year through the 2009-2010 school year.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that Plaintiff was rated unsatisfactory in the 2010-2011, 2011-2012 and 2012-2013 school years.

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint, except admits that a Step 2 grievance hearing was held in February 2013 regarding Plaintiff's single period assignment to the lunchroom and that Plaintiff continued to receive that assignment following the resolution of that grievance.

20. Denies the allegations set forth in paragraph "20" of the Complaint, except admits that Plaintiff filed a complaint with the New York City Department of Education Office of Equal Opportunity on April 2, 2013.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint, except admits that an SCI investigation resulted in substantiated charges against Petitioner related to her failure to take action following a report of an incident of cyberbullying, and Petitioner received a letter to file relating to the substantiated charges.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint, except admits that in 2013 disciplinary charges were brought pursuant to Education Law § 3020-a against Plaintiff and Plaintiff was reassigned pending the outcome of the hearing.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint, except denies knowledge or information sufficient to form a belief as to whether Plaintiff filed a complaint with the Department of Labor.

28. Denies the allegations set forth in paragraph "28" of the Complaint, except admits that Plaintiff was reassigned to Public School 37 in the 2013-2014 school year.

29. Denies the allegations set forth in paragraph "29" of the Complaint, except admits that Plaintiff filed a Charge of Discrimination on June 30, 2014 and respectfully refers the court to Plaintiff's June 30, 2014 Charge of Discrimination for a complete and accurate record of its contents.

30. Denies the allegations set forth in paragraph "30" of the Complaint, except admits that Plaintiff was reassigned to Middle School 390 in September 2014.

31. Denies the allegations set forth in paragraph "31" of the Complaint, except admits that Principal Mercedes did schedule a meeting with Plaintiff regarding an allegation of defamation by another employee.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint, except admits that the pre-hearing conference in Plaintiff's 3020-a proceeding was held on February 27, 2014, and the final evidentiary hearing was held on June 25, 2015.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. Denies the allegations set forth in paragraph "36" of the Complaint, and respectfully refers the Court to the decision cited therein for an accurate and complete record of

its contents. See Matter of Murray v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 131 A.D.3d 861, 866-867 (1st Dep't 2015).

37. Denies the allegations set forth in paragraph "37" of the Complaint, except admits that Plaintiff was fined $7,500.00 following 3020-a proceedings.

38. Denies the allegations set forth in paragraph "38" of the Complaint, except admits that Plaintiff was assigned to the Absent Teacher Reserve following the conclusion of 3020-a proceedings.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a basis of belief as to the truth of the allegations set forth in paragraph "40" of the Complaint, except admits that Plaintiff was issued right-to-sue letters from the EEOC dated January 13, 2015, June 10, 2016, and August 11, 2016.

41. In response to the allegations set forth in paragraph "41" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

42. Denies the allegations set forth in paragraph in paragraph "42" of the Complaint.

43. In response to the allegations set forth in paragraph "43" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

44. Denies the allegations set forth in paragraph "44" of the Complaint

45. In response to the allegations set forth in paragraph "45" of the Complaint, Defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

**AS AND FOR A FIRST DEFENSE, DEFENDANT RESPECTFULLY ALLEGES**

47. The Complaint fails to state a claim of action upon which relief may be granted in whole or in part.

**AS AND FOR A SECOND DEFENSE, DEFENDANT RESPECTFULLY ALLEGES**

48. The Complaint is barred in whole or in part by the statute of limitations.

**AS AND FOR A THIRD DEFENSE, DEFENDANT RESPECTFULLY ALLEGES**

49. The Complaint is barred, in whole or in part, by the doctrine of res judicata.

**AS AND FOR A FOURTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES**

50. The Complaint is barred, in whole or in part, by the doctrine of collateral estoppel.

**AS AND FOR A FIFTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES**

51. City Defendants had legitimate, nondiscriminatory business reasons for taking any of the alleged acts complained of by Plaintiff.

**AS AND FOR A SIXTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES**

52. Upon information and belief, the damages set forth in the Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

- 7 -

## AS AND FOR A SEVENTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES

53. Punitive damages are not available against a government or governmental subdivision.

## AS AND FOR AN EIGHTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES

54. The Complaint is barred in whole or in part by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

**WHEREFORE**, Defendant respectfully requests that the Complaint be dismissed in its entirety, that the relief sought therein be denied in all respects, that judgment be entered for Defendant, together with such other relief as the Court deems just and proper.

Dated: New York, New York
April 15, 2019

                                  **ZACHARY W. CARTER**
                                  Corporation Counsel of the
                                    City of New York
                                  Attorney for City Defendants
                                  100 Church Street, Room 2-169
                                  New York, New York 10007
                                  (212) 356-2445
                                  nigreen@law.nyc.gov

                          By:    */s/ Nicholas Green*
                                  Nicholas Green
                                  Assistant Corporation Counsel

TO: Bryan Glass (by ECF)
      Glass Krakower LLP
      Attorneys for Plaintiff
      85 Broad Street
      New York, NY 10004
      212-537-6859
      blass@ghnylaw.com

Docket No. 15-CV-3191 (RRM)(ST)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUANITA MURRAY,

                          Plaintiff,

-against-

NEW YORK CITY BOARD OF EDUCATION, ROBERT MERCEDES, SUSAN CARR LAGOMARSINI,

Defendants,

                          Defendants.

## DEFENDANT'S ANSWER

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street, Room 2-169*
*New York, New York 10007-2601*

*Of Counsel: Nicholas Green*
*Tel.: 212-356-2445*
*Matter No.: 2015-026482*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..........................................., 2019*

*....................................................................Esq.*

*Attorney for...............  .........................................*